# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **DIRECTV, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 2:13-CV-960-VEH |
| ) | |
| **TAQUERIA VALENCIA, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

The plaintiff ("DirecTV") has filed a motion for default judgment that is presently before the court. Doc. 21 ("the Motion"). DirecTV seeks judgment by default against the defendant ("Taqueria Valencia") with respect to the first count of its Complaint. Doc. 21-3 at 14. Specifically, DirecTV asks this court to award it damages, costs, and attorneys' fees under various provisions of the Communications Act of 1934, 47 U.S.C. §§ 151-621. For the following reasons, the court will **GRANT** DirecTV's Motion.

## Statement of the Case

DirecTV commenced this action by filing its Complaint and Summons on or about May 21, 2013. Doc. 1. The Complaint alleged, among other things, that Daniel

Valencia, as officer, director, shareholder, member and/or manager of Taqueria Valencia, and Taqueria Valencia, both willfully violated 47 U.S.C. § 605(a) by impermissibly showing DirecTV satellite programming in their commercial establishment for direct commercial gain. DirecTV duly served Taqueria Valenica on or about May 23, 2013, via certified mail. Doc. 7. DirecTV was unable, however, to successfully serve process on Mr. Valencia. Doc. 16. On June 19, 2013, DirecTV asked the Clerk of this court to enter default against Taqueria Valencia under Federal Rule of Civil Procedure 55. Doc. 12. The Clerk entered default on June 24, 2013. Doc. 13. On September 12, 2013, DirecTV filed a Status Report and a "notice" asking this court to dismiss Mr. Valencia from the action without prejudice under Federal Rule of Civil Procedure 41. Docs. 18, 19. The court granted this motion on September 17, 2013. Doc. 20. On September 25, 2013, DirecTV filed the present Motion. Doc. 21.

## Discussion

**I.   Introduction**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. It provides, in pertinent part:

> (a) **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default.

(b) **Entering a Default Judgment.**

. . .

(2) **By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:

> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55.

Because default has been entered against Taqueria Valencia, the court accepts as true DirecTV's Complaint allegations and considers Taqueria Valencia's liability established. *See, e.g.*, *AutoTec, L.L.C. v. Auction Access Auto, Inc.*, 2:12-cv-00896-RDP, 2012 WL 2357951, at *2 (N.D. Ala. June 18, 2012) ("Upon default, the well-pleaded allegations of a complaint are taken as true . . . Because Defendants have previously been declared in default . . . their liability is established.") (internal citations omitted); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,

*Federal Practice and Procedure* § 2688 (3d ed. 1998) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

The court's analysis of DirecTV's Motion involves two steps. The court must:

- establish it has personal and subject matter jurisdiction; and then

- ensure that DirecTV has satisfied Rule 55 requirements and is thus entitled to the default judgment it seeks.

*See Univ. of South Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999) (noting that "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *Nishimatsu Constr. Co, Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1] (explaining that "a defendant's default does not in itself warrant the court entering a default judgment" and that "[t]here must be a sufficient basis in the pleadings for the judgment entered") (footnote omitted).

## II. The Court Has Jurisdiction over the Action

### A. *Personal Jurisdiction*

The court must establish personal jurisdiction in every case before it has power to render any judgment. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de*

---

[1] This decision constitutes binding precedent on this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

*Guinee*, 456 U.S. 694, 702 (1982). A court obtains personal jurisdiction over the parties when the plaintiff properly serves the Complaint and Summons upon the defendant. *Royal Lace Paper Works v. Pest-Guard Prods.*, 240 F.2d 814, 816 (5th Cir. 1957)[2]. The record shows that DirecTV served Taqueria Valencia with a Summons and copy of the Complaint on or around May 23, 2013. Doc. 7. Accordingly, the court has personal jurisdiction over the parties.

### B.  Subject Matter Jurisdiction

Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. DirecTV alleges on information and belief that Taqueria Valencia violated the Communications Act by illicitly showing DirecTV satellite programming in its commercial establishment for direct commercial gain. Doc. 1 ¶ 24. This statute provides "aggrieved" persons with a civil right of action to pursue against transgressors. 47 U.S.C. § 605(e)(3)(A). Because this action properly "arises under" a federal law, the court has subject matter jurisdiction to entertain DirecTV's Motion.

### III.  DirecTV Is Entitled to a Default Judgment against Taqueria Valencia

Rule 55(b)(2) allows the court to enter a default judgment when the Clerk has entered default and the party seeking judgment has applied to the court for a default

---

[2]This decision constitutes binding precedent on this Circuit. *See* note 1, *supra*.

judgment. To determine whether the moving party is actually entitled to a default judgment, the court must review the sufficiency of the complaint and its underlying merits. *See Stegeman v. Georgia*, 290 F. App'x 320, 323 (11th Cir. 2008) (unpublished) (citing *Nishimatsu*, 515 F.2d at 1206). "[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2003) (unpublished). However, the court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

DirecTV is entitled to a default judgment against Taqueria Valencia. The relevant statutory provision reads, "No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). In support of the instant Motion, DirecTV offers an affidavit made by Kent P. Mader, its Vice President of Risk Management. Doc. 21-1. In the affidavit, Mr. Mader vouches for the following facts:

- DirecTV offers television programming to residential and business customers only on a subscription and pay-per-view basis.

- In order to receive and view DirecTV, customers must obtain DirecTV satellite hardware and establish an account with DirecTV.

- DirecTV charges subscription fees for both residential and commercial programming.

- Commercial programming subscriptions are generally more expensive, since the programming will be displayed for public viewing.

- DirecTV's residential and commercial subscribers use the same satellite equipment to receive DirecTV programming signals. Consequently, commercial establishments interested in receiving commercial programming at residential pricing may surreptitiously move satellite hardware listed on a residential account to their commercial establishment without DirecTV's knowledge. It is also possible for a commercial establishment to intentionally and fraudulently establish a residential DirecTV account and then use that account to receive residential programming for use in a commercial establishment in violation of their agreement with DirecTV. Misappropriating residential DirecTV programming for use in a commercial establishment allows commercial establishment owners to publicly exhibit DirecTV programming at substantially lower cost.

- In order to combat commercial misuse of its programming signals, DirecTV engages investigators and auditors who assist with identifying establishments that unlawfully exhibit DirecTV residential programming in a commercial setting.

- On August 24, 2012, at approximately 3:55 PM, auditor Thomas Johnson observed six television sets in the defendant's establishment. Three of these sets were exhibiting DirecTV satellite programming for public viewing.

- Taqueria Valencia has an estimated fire code occupancy of 51-100.

- After receiving the auditor's report, DirecTV conducted a search of its records and determined that there was no DirecTV commercial account

>for Taqueria Valencia located at 3305 Lorna Road, Suite 7, Hoover, AL 35216, which would have authorized it to receive DirecTV's commercial programming.

*Id.* ¶¶ 4-11. Mr. Mader thus concludes, "The defendant did not have the right to exhibit DirecTV satellite programming in its commercial establishment on August 24, 2012." *Id.* ¶ 9. DirecTV also attaches Mr. Johnson's affidavit as Exhibit A to Mr. Mader's affidavit. *Id.* at 6-8. Mr. Johnson's affidavit substantiates the relevant assertions offered by Mr. Mader. Accepting these facts as true, the court finds that Taqueria Valencia illicitly derived benefit from intercepted communications to which it was not entitled, in violation of 47 U.S.C. § 605(a). DirecTV therefore merits default judgment against Taqueria Valencia.

## IV. The Court Will Award DirecTV $ 2,000.00 in Damages and $2,629.50 in Costs and Attorneys' Fees

The court must still determine what specific amount to award DirecTV under the judgment. "Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not." *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Where a plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation," Rule 55 authorizes federal district courts to

conduct hearings to determine the appropriate amount of damages to award a plaintiff who has secured a default judgment. Fed. R. Civ. P. 55(b).[3] Such hearings are particularly necessary where the plaintiff is not claiming liquidated damages or does not otherwise provide detailed evidence corroborating its damages request. *See Adolf Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (holding that "a judgment of default awarding cash damages could not properly be entered without a hearing, unless the amount claimed is a liquidated sum or one capable of mathematical calculation"). "Therefore, when a default judgment seeks an uncertain or speculative damage amount, a court 'has an obligation to assure that there is a legitimate basis for any damage award it enters . . .'" *Beringer v. Hearshe, Kemp, LLC*, 1:10-CV-1399-WSD-ECS, 2011 WL 3444347, at *2 (N.D. Ga. Aug. 8, 2011) (quoting *Anheuser Busch*, 317 F.3d at 1266).

In its Motion, DirecTV asks the court to award it the following amounts against Taqueria Valencia:

- Under 47 U.S.C. § 605(e)(3)(C)(i)(II), an amount of $10,000.00;

- Under 47 U.S.C. § 605(e)(3)(C)(ii), an amount of up to $100,000.00; and

- Under 47 U.S.C. § 605(e)(3)(B)(iii), in the discretion of the court, costs and attorneys' fees of $4657.00.

---

[3]DirecTV did not demand a jury in this case.

Doc. 21 at 1-2. 47 U.S.C.605 (e)(3)(C)(i)(II) reads, in relevant part, "[T]he party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just . . ." *Id.* The section thus gives this court discretion to award DirecTV an amount between $1,000 and $10,000. In urging this court to award it the statutory maximum, DirecTV cites various federal district court decisions emphasizing the need to deter even one-time violators of 47 U.S.C. § 605. Doc. 21-3 at 10 (citations omitted). DirecTV suggests that awarding it anything less than the maximum would not satisfy the statute's deterrent objective.

DirecTV also asks for enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii). This provision reads:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

*Id.* Again, this provision clearly gives the court discretion to award any amount, so long as it is not more than $100,000. DirecTV argues that it deserves some unidentified amount "up to" $100,000. Doc. 21-3 at 9. In support, it cites various decisions implying that this court may infer Taqueria Valencia's willful statutory

violation from the restaurant's mere unwillingness to defend itself in this action. *Id.* at 10-13 (citations omitted). DirecTV further claims that requiring it to substantiate its damages claims would unfairly penalize it for Taqueria Valenica's transgression. *Id.*

The court finds that DirecTV deserves statutory and enhanced damages under the aforementioned provisions. It also finds that DirecTV deserves costs and attorneys' fees under the statute. However, the court disagrees that DirecTV deserves the maximum amount of damages under either 47 U.S.C. § 605 (e)(3)(C)(i)(II) or 47 U.S.C. § 605(e)(3)(C)(ii). The court also disagrees with DirecTV's calculation of its attorneys' fees. The court finds that the attorneys' fee rates exceed reasonable rates charged, in the court's experience, for comparable work. Further, the court finds that the time entries for certain discrete time entries (*e.g.* [electronic] filing with court; mailing) were excessive. The court has attached as Exhibit 1 to this Memorandum Opinion DirecTV's fee request, manually annotated to reflect amounts resulting from an application of what the court finds to be reasonable rates and time entries. Accordingly, in its discretion, the court awards DirecTV the following amounts:

- Under 47 U.S.C. § 605(e)(3)(C)(i)(II), an amount of $1,000.00;
- Under 47 U.S.C. § 605(e)(3)(C)(ii), an amount of $1,000.00; and
- Under 47 U.S.C. § 605(e)(3)(B)(iii), costs and attorneys' fees of

$2,629.50.[4]

The court will enter a default judgment order contemporaneously with this opinion reflecting these awards.

**DONE** this the 6th day of December, 2013.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[4]This number reflects the $400 spent by the plaintiff in filing fees, *see* Doc. 21-2 at 4, and the $2,229.50 in costs and fees reasonably incurred by DirecTV in this case.